David Glickman, J.
Petitioners in a proceeding under article 78 of the Civil Practice Law and Rules seek to void the action of the Town Clerk of the Town of Huntington in revoking shellfish license issued to petitioners and to restore and validate such licenses. It appears that the Town Clerk of said Town of Huntington issued shellfish licenses in accordance with the provisions of the Shellfish Ordinance of the Town of Huntington to the petitioner Stumme in March of 1963 and to the petitioner Franco in January of 1963. Subsequently and in October, 1963, on the purported grounds that petitioners were no longer resi *97 dents of the Town of Huntington, said Town Clerk declared the licenses (or permits) void and directed petitioners to surrender same. The Town Clerk states that such action was taken after an investigation satisfied him (the Town Clerk) that petitioners were no longer residents of the town. The Town Clerk also asserts that he afforded the petitioners an opportunity to be heard at a meeting called by him (the Town Clerk) and held by said Town Clerk in said month of October, 1963. Petitioners deny the contention of respondents that they are not residents of the Town of Huntington.
Subdivision 18 of section 130 of the Town Law authorizes a Town Board to regulate the taking of shellfish from town-controlled lands under tidewater. The Shellfish Ordinance of the Town of Huntington was adopted in accordance with this authorization. Under the Shellfish Ordinance of the Town of Huntington (art. Ill, § 2) the Town Clerk is directed to issue permits where the Clerk is satisfied, among other things, as to the identity of the applicant. Under article II of said ordinance, it is required that the applicant be a resident or taxpayer of the Town of Huntington. The ordinance is silent as to revocations of permits once they are issued. It does provide that the permit becomes void if the holder ceases to be a resident or taxpayer. As stated, petitioners deny that they are not residents of the town.
Under section 137 of the Town Law, it is provided that a license issued under the authority of article 9 of the Town Law may be revoked by the Town Board after a public hearing at which the licensees shall have an opportunity to be heard. Article 9 of the Town Law embraces not only section 137, but also section 130 which authorized the regulation by a town of the taking of shellfish. It follows that the procedure for revocation under section 137 is applicable to a shellfish permit issued under the authority granted by section 130. The public hearing referred to in section 137 contemplates a public hearing before the Town Board and, if a revocation is to result, such revocation must come from the Town Board. The actions of the Town Clerk, taken after the issuance of the permits, in conducting an investigation which he claimed satisfied him as to the nonresidency of the petitioners, in declaring the permits which had been issued to be void, and in directing the surrender of said permits, all were without authority in law and are of no legal effect.
The petition is granted to the extent of voiding the actions taken by the Town Clerk of the Town of Huntington and directing that the Town Board of the Town of Huntington, if it wishes *98 to question the continued validity of the existing permits, or to revoke the same, hold a public hearing as required by law at which the licensees or holders of such permits shall be afforded an opportunity to ¡be heard.